# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FRANK K.C. HERTEL, SR.,**

    Plaintiff,

    v.

**JUDGE EVERETT H. KRUEGER,** *et al.,*

    Defendants.

Civil Action 2:18-cv-179
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the state of Arizona, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF Nos. 1 & 1-2.) This matter is before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims against Defendants for failure to assert any claim over which this Court has subject matter jurisdiction.

1

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---
[1] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

A federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship'

jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff is currently serving concurrent sentences under Arizona and Ohio state law for offenses dating back to the 1990s. Plaintiff was first indicted in Delaware County, Ohio, in 2000 for criminal conduct occurring between 1993 and 1995. Subsequently, authorities in Arizona indicted him for unrelated criminal conduct. Plaintiff fled to Germany to avoid prosecution, but Arizona tried and convicted him *in abstentia*. In 2013, Arizona extradited Plaintiff to Ohio to face his outstanding indictment in Delaware County. In January 2014, the state of Ohio re-indicted Plaintiff on the same charges as his 2000 indictment with the addition of certain specifications to the original counts. On March 3, 2014, Plaintiff pled guilty to the original indictment. On March 5, 2014, Plaintiff received the sentence he is currently serving in Arizona concurrently with his local sentence. On March 18, 2014, the Delaware County Court of Common Please dismissed the 2014 indictment without prejudice.

According to the Complaint, Defendants were involved in various capacities with Plaintiff's re-indictment and plea agreement, as well as the subsequent dismissal of Plaintiff's re-indictment. (ECF No. 1-2.) Plaintiff argues that Defendants' actions violated the Interstate Agreement on Detainers (the "IAD"). (*Id*.) Specifically, Plaintiff avers that Defendants violated the IAD's 180-day speedy trial provision. (*Id*. at 7-9.) According to Plaintiff, the violation

4

requires Ohio to dismiss both indictments with prejudice under the terms of the detainer agreement. (*Id*. at 7.) Plaintiff also argues that his 2014 re-indictment was improperly dismissed *without prejudice* subsequent to his guilty plea to the original 2000 indictment. (*Id*. at 9.) Plaintiff believes that the dismissal without prejudice resulted in an untried indictment subject to the detainer agreement, which requires dismissal with prejudice. As a result, he maintains, his 2000 indictment and subsequent plea must also be dismissed under the theory that the continued validity of the 2000 indictment constitutes double jeopardy. (*Id*.) Plaintiff seeks compensatory damages of $250,000.00, punitive damages of $5,000,000.00, and an order mandating the Delaware County Court of Common Pleas vacate the dismissal of Plaintiff's 2014 re-indictment. (*Id*. at 20.)

### III.

**A. Judicial Immunity**

As an initial matter, the Undersigned finds that Justice O'Connor and Judges Krueger, Baldwin, and Hoffman are immune from liability as a matter of law. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir.). This far-reaching protection is necessary to ensure that exposure to potential damages does not impair the independent and impartial exercise of the Court's judgment. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012).

Plaintiff cannot overcome the presumption of immunity under the first criterion. The determination of whether an action is performed in the defendant's judicial capacity depends upon the "nature" and "function" of the act, rather than the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the Court must determine whether the conduct giving rise to the claim is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry requires only an examination of the judge's alleged conduct in relation to the general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the Court to assess whether the plaintiff dealt with the judge in his judicial role. *Id*.

In applying these principles, the Undersigned finds that the judicial officers were acting in their judicial capacity at all times that the conduct alleged in the Complaint occurred. Issuing orders dismissing criminal indictments is an action normally performed by trial court judges, and issuing opinions reviewing those orders is an action normally performed by appellate judges. Furthermore, to the extent Plaintiff interacted with Defendants at all, the interaction occurred only when Defendants were performing their judicial duties. Plaintiff, therefore cannot overcome the presumption of judicial immunity under the first criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Id*. at 11-12; *Barnes*, 105 F.3d at 1116. When judicial immunity is at issue, the scope of the judge's jurisdiction is broadly construed. *Stump*, 435 U.S. at 356-357. A judge does not forfeit immunity because a judicial action is taken in error, done maliciously, or was in excess of his authority. *Id*. Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir.

1985).  Conversely, merely acting in excess of authority does not preclude immunity.  *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present matter, Plaintiff's Complaint does not raise any allegations that suggest any judicial officer acted outside the subject matter jurisdiction of his or her court.  Plaintiff contends that his 2014 indictment was improperly dismissed without prejudice rather than with prejudice and that the appellate courts of Ohio improperly ruled against him on appeal.  As the Sixth Circuit has recognized, however, the exercise of discretion in determining whether to dismiss criminal charges "comprises a quintessential judicial act."  *Barnes v. Winchell*, 105 F.3d 1111, 1121 (6th Cir. 1997) (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)).  Likewise, appellate review of final orders is also a judicial act.  *Shoultes v. Laidlaw*, 886 F.2d 114, 118 (6th Cir. 1989); Ohio Const. Article IV, Section 3(B)(f)(2) (granting courts of appeals jurisdiction to review final orders of inferior courts within their districts); Ohio Rev. Code § 2501.02.  Plaintiff, therefore, does not have recourse against Defendants for damages in a civil rights action under § 1983.  Accordingly, Plaintiff fails to state a claim for which relief may be granted against any judicial officer.

**B.  Defendant O'Brien's Prosecutorial Immunity**

The Undersigned also finds the Complaint fails to assert a claim for which relief may be granted against Defendant O'Brien.  Defendant O'Brien is the Delaware County Prosecutor and is being sued for unspecified conduct in prosecuting Plaintiff.  (ECF No. 2 at 6.)  Prosecutors, however, are entitled to absolute immunity from damages for both initiating and prosecuting a criminal case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court.  *Skinner v. Govorchin*, 463

F.3d 518, 525 (6th Cir. 2006). Prosecutors could not properly perform this duty if every decision carried the potential consequences of personal liability in a suit for damages. *Id*. Prosecutors, therefore, are extended absolute immunity when the challenged actions are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating and prosecuting a criminal case, but also for activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id*. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

In the present case, Plaintiff challenges unspecified actions Defendant O'Brien took during the judicial phase of Plaintiff's prosecution. Plaintiff's Complaint contains no facts that suggest Defendant O'Brien engaged in any activity outside her role as an advocate in prosecuting Plaintiff. The Undersigned finds, therefore, that Defendant O'Brien is entitled to absolute immunity in this matter. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendant O'Brien.

## C. Statute of Limitations

Plaintiff purports to bring his claims under 42 U.S.C. § 1983. (*Id*. at 2.) The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Boddie v. Barstow*, No. 2:14-CV-0106, 2014 WL 2611321, at *2 (S.D. Ohio May 2, 2014), report and recommendation adopted, No. 2:14-CV-106, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)).

"Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Boddie*, 2014 WL 2611321, at *3 (citing

*Watson v. Wayne County*, 90 F. App'x. 814, at *1 (6th Cir. January 26, 2004)) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*"). This Court has applied that rule in cases screened under § 1915A. *Id.* (citing *Smith v. Warren County Sherif's Dept.*, 2010 WL 761894 (S.D. Ohio March 2, 2010)). Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.

Here, it is clear that all of the conduct alleged in the Complaint occurred prior to the applicable two-year period. The alleged actions took place four years ago, between 2013 and March 2014. (ECF No. 1-1). Furthermore, the Ohio Supreme Court declined jurisdiction of Plaintiff's final appeal on February 10, 2016. *State v. Hertel*, 2016-Ohio-467, 144 Ohio St. 3d 1479, 45 N.E.3d 246 (Ohio 2016). Plaintiff did not bring the instant suit until March 1, 2018, more than two years after final resolution of the underlying state court criminal matter. The Undersigned, therefore, recommends that the Complaint be dismissed on the basis that it is untimely.

**D. Habeas Corpus Relief**

Plaintiff purports to bring this action under 42 U.S.C. § 1983. To the extent that Plaintiff seeks an order declaring that his state court conviction was obtained in violation of his rights guaranteed under the United States Constitution, however, Plaintiff must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] A civil rights action is not a

---

[1] Plaintiff has already sought post-conviction relief from his 2014 indictment in both the state and federal courts. The courts denied relief in both systems. *Hertel v. Ohio*, No. 2:16-CV-00435, 2017 WL 1807672 (S.D. Ohio May 5, 2017) (finding federal habeas corpus relief unavailable because Plaintiff has never been subject to any restraint on his liberty attributable to his 2014 indictment); *State v. Hertel,* 2015-Ohio-1168, *¶ 22*, (Ohio App. 5th March 26, 2015) (finding that the dismissal of Plaintiff's 2014 indictment was not properly before the court), appeal not accepted for review, *State v. Hertel*, 2016-Ohio-467, 144 Ohio St. 3d 1479 (Ohio 2016).

substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for a prisoner who seeks immediate or speedier release from confinement."). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck*, 512 U.S. at 487.

The Court notes that Plaintiff's federal habeas corpus petition was dismissed because Plaintiff sought relief from his 2014 indictment, which was dismissed in the state court after he pled guilty to his 2000 indictment. *Hertel v. Ohio*, No. 2:16-CV-00435, 2017 WL 1807672, at *2 (S.D. Ohio May 5, 2017). In the instant case, Plaintiff likewise seeks relief from his 2014 indictment, but only as a means to fatally undermining the constitutionality of his guilty plea to the 2000 indictment. (ECF No. 1-1 at 10-11.) Plaintiff also seeks declaratory judgment that the various continuances granted by the Ohio trial court judge violated the speedy trial provisions of his detainer agreement, which would necessarily implicate the validity of his plea to the 2000 indictment. (ECF No. 1-1 at 9.) A judgment for plaintiff on these grounds, therefore, would necessarily undermine his criminal conviction. Consequently, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983. To the extent that Plaintiff seeks to invalidate his state court conviction, his appropriate remedy is a petition for habeas corpus relief.

**E. Plaintiff's Rights under the Interstate Agreement on Detainers**

Turning to Plaintiff's claims pursuant to the IAD, the Undersigned finds that Plaintiff has not alleged a constitutional violation as required by Section 1983. Plaintiff believes that his 2014

indictment was improperly dismissed *without prejudice*. According to Plaintiff, any dismissal other than *with prejudice* violates the IAD, which states in pertinent part:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C.A. § APP. 2 § 2, Art. IV(e). Plaintiff also seeks declaratory judgment that the various continuances granted by the Ohio trial court judge violated the speedy trial provisions of his detainer agreement. (ECF No. 1-1 at 9.)

Claims under the IAD, however, are not jurisdictional and, therefore, are waived by the entry of a valid, unconditional guilty plea. *Wise v. U.S.*, 2007 WL 4571295, at * 2 (S.D. Ohio Dec. 26, 2007) (holding that IAD speedy trial provision was waived by entry of unconditional guilty plea) (citing, *inter alia*, *Kowalak v. U.S.*, 645 F.2d 534, 537 (6th Cir. 1981)). In *Kowalak*, the Sixth Circuit thoroughly explained the waiver effect of Plaintiff's unconditional guilty plea upon his statutory IAD rights.

> In the present case the appellant first raised his IAD claim after he had entered a plea of guilty and had been sentenced. A valid guilty plea is generally regarded as a waiver of all nonjurisdictional defects or errors. *U.S. v. Palmer*, 574 F.2d 164, 167 (3d Cir.), cert. denied, 437 U.S. 907 (1978) ("(T)he violation of a statutory provision such as Article IV(e) is not sufficiently important to deny a court jurisdiction to entertain a guilty plea where the defendant fails to raise the issue in a timely manner.") It should be noted that in *Palmer*, which the district court entirely adopted, the defendant was the apparent beneficiary of a plea bargain. One reading of *Palmer* is that a defendant is barred from asserting a possible IAD violation after a plea, when defendant has made a "rational and voluntary decision to accept the benefits of pleading guilty." *Id.* at 166.

> As we stated [previously], "to allow a person to assert violations of the [IAD] beyond the trial stage, without a showing of cause . . . would . . . undercut the policy of achieving prompt and final judgments." Obviously, to permit the raising of IAD questions after a plea of guilty, entry of judgment, and sentencing involves the same concerns. We therefore conclude that entry of a plea of guilty is just as surely a waiver of the right to raise IAD violations as was the commencement of trial. Both pleading guilty and standing trial are the sort of

>"affirmative request to be treated in a manner contrary to the procedures prescribed by Article IV(c) or (e)" that may constitute a voluntary waiver of IAD rights.

*Kowalak*, 645 F.2d at 537 (some quotations and citations omitted). As *Kowalak* makes clear, violations of statutory IAD rights are waived by unconditional guilty pleas and, therefore, do not, as a matter of law, rise to the level of constitutional deprivation required by Section 1983. Furthermore, Plaintiff has failed to demonstrate any prejudice arising from the post-plea dismissal of his 2014 indictment without prejudice. The state of Ohio has not sought to prosecute Plaintiff under the 2014 indictment, nor has Ohio sought to re-indict Plaintiff on those charges. In short, Plaintiff has failed to allege any constitutional violations whatsoever. The Undersigned, therefore, recommends that the Complaint be dismissed for failure to state a claim on which relief may be granted.

**F. 11th Amendment Immunity**

Finally, as to his assertions against the state of Ohio, Plaintiff's claims are barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution precludes a private party from bringing suit against a state or any of the state's agencies unless the state has expressly consented to the suit or Congress has properly abrogated the state's sovereign immunity. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996); *Alabama v. Pugh*, 438 U.S. 781 , 782 (1978). "Ohio has not waived its sovereign immunity in federal court." *Mixon v. Ohio*, 193 F. 3d 389, 397 (6th Cir. 1999). And "Congress did not intend to override well-established immunities or defenses under the common law" by enacting § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). Accordingly, there are very limited exceptions to state and state actor immunity here. *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009). First, a plaintiff may bring a claim against a state official acting in his or her official capacity if

the plaintiff seeks only "prospective injunctive or declaratory relief." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 276-78 (1986)). Second, a plaintiff may bring a claim for monetary damages against a state official in his or her individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165- 68 (1985); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 457 (6th Cir. 1998).

Because none of the limited exceptions to Eleventh Amendment immunity apply here, the Undersigned finds that Plaintiff has failed to state a claim on which relief may be granted against the state of Ohio.

## IV.

For the reasons explained above, Plaintiff's Complaint fails to assert any claim over which this Court has subject matter jurisdiction. Accordingly, the Undersigned finds that Plaintiff has not made out viable claims upon which relief may be granted against any of the named Defendants. It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's claims pursuant to Section 1915A.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

13

and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: July 5, 2018  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE