IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank K.C. Hertel, Sr.,

    Plaintiff,

    v.                               Case No. 2:18-cv-179

Judge Everett H. Krueger,
et al.,

    Defendants.

## OPINION AND ORDER

This is an action filed by plaintiff pursuant to 42 U.S.C. §1983 against Delaware County, Ohio, Court of Common Pleas Judge Everett H. Krueger; Delaware County Prosecuting Attorney Carol Hamilton O'Brien; various judges of the Ohio Fifth Appellate District, specifically naming Judges Craig R. Baldwin and William B. Hoffman; Ohio Supreme Court Justice Maureen O'Connor; Ohio Attorney General Mike DeWine; and the State of Ohio. The above defendants were allegedly involved at various stages of a criminal prosecution which was first filed against plaintiff in the Court of Common Pleas of Delaware County, Ohio, in 2000.

Documents relevant to the history of plaintiff's state prosecution are contained in the record of an earlier habeas action filed by plaintiff in this court pursuant to 28 U.S.C. §2254. See Hertel v. State of Ohio, Case No. 2:16-cv-435, Doc. 10, attachments. Plaintiff was indicted in Delaware County, Ohio, in 2000 for rape and gross sexual imposition. Before trial, he moved to Arizona, where he was indicted for sexual conduct with a child. Plaintiff fled to Germany to avoid these prosecutions. He was convicted in Arizona in absentia.

In 2013, plaintiff was extradited to Ohio to face the Delaware

County indictment. Plaintiff pleaded guilty to the 2000 Delaware County indictment, but was later permitted to withdraw his guilty plea. A new indictment was then returned by a Delaware County grand jury in 2014, alleging the same charges as the 2000 indictment, but adding force specifications which increased the potential penalties. On March 3, 2014, plaintiff again pleaded guilty to the original 2000 indictment. On March 5, 2014, plaintiff was sentenced by Judge Krueger to a term of incarceration to be served concurrently with his Arizona sentence. On March 18, 2014, the 2014 indictment was dismissed without prejudice (presumably so that those charges could be re-indicted if plaintiff again successfully challenged his guilty plea). Plaintiff's conviction was affirmed on direct appeal, see State v. Hertel, No. 14 CAA 04 0019 (Fifth District), 2015 WL 1403147 (Ohio App. March 26, 2015), and the Ohio Supreme Court declined to accept review, see State v. Hertel, 143 Ohio St.3d 1355 (2015).

On August 18, 2014, plaintiff filed a motion to dismiss with prejudice the 2014 indictment against him. The Delaware County court denied the motion on September 3, 2014. Plaintiff's motion for a delayed appeal was denied on October 17, 2014, and the Ohio Supreme Court declined to review on April 29, 2015. On January 5, 2015, plaintiff filed an application to re-open the appeal. The court of appeals denied the application. Plaintiff filed a second application to re-open on June 22, 2015. The court of appeals denied the second application, and on February 10, 2016, the Ohio Supreme Court declined to accept jurisdiction of the appeal.

In his habeas case, petitioner asserted claims relating to the 2014 indictment, including the claim that he was denied his speedy

2

trial rights under the Interstate Agreement on Detainers ("IAD"). On May 5, 2017, the petition was dismissed because plaintiff's claims only addressed the 2014 indictment and he was not in custody based on the 2014 indictment. See 2:16-cv-435, Doc. 14.

In the instant case, plaintiff alleges that the defendants were involved in various capacities in his criminal prosecution, including his conviction in the 2000 case, the dismissal of the 2014 indictment and his subsequent actions challenging the dismissal without prejudice of the 2014 indictment. Plaintiff alleges that defendants' actions violated the IAD's 180-day speedy trial requirement, that both the 2000 and the 2014 indictment should be dismissed based on the alleged failure to comply with the IAD's speedy trial requirements, and that under the IAD, the 2014 indictment should have been dismissed with prejudice rather than without prejudice. He alleges that because the 2014 indictment was dismissed without prejudice, it is still valid. He alleges that the 2000 indictment and his guilty plea should be set aside under the theory that the continued validity of both the 2000 and 2014 indictments constitutes double jeopardy. Plaintiff seeks an order finding that the IAD was violated by the dismissal without prejudice of the 2014 indictment, an order directing Judge Krueger to dismiss the 2014 indictment with prejudice, compensatory damages in the amount of $250,000, and an award of punitive damages in the amount of $5 million against defendant O'Brien. Plaintiff indicates in his objection that it is his intention to sue the defendants in their official and individual capacities.

I. Standard of Review

This matter is before the court for consideration of

plaintiff's objection (Doc. 6) to the magistrate judge's July 5, 2018, report and recommendation (Doc 5). If a party objects to a report and recommendation within the allotted time, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."

Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993).

II. State of Ohio

Plaintiff has named the State of Ohio as a defendant. The magistrate judge correctly concluded that plaintiff's claims against the State of Ohio are precluded by the doctrine of Eleventh Amendment immunity. The Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought against a state. Papasan v. Allain, 478 U.S. 265, 276 (1986). Unless the state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued directly in its own name regardless of the relief sought. Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). Ohio has not waived its sovereign immunity in federal court. Mixon v. Ohio, 193 F.3d 389, 397 (6th Cir. 1999). The court agrees that dismissal of the State of Ohio as a named defendant is appropriate in this case.

A suit brought against a defendant in his official capacity as a state officer or agent is treated as a suit against the state. Graham, 473 U.S. at 167. However, the Eleventh Amendment does not automatically preclude a claim against a state official acting in his or her official capacity if plaintiff seeks only prospective

injunctive or declaratory relief. Papasan, 478 U.S. at 276-78. Plaintiff's claims against the individual state officers are addressed below.

III. Judicial Defendants

The magistrate judge correctly found that plaintiff's claims against Justice O'Connor and Judges Krueger, Baldwin, and Hoffman are barred by the doctrine of judicial immunity. Generally, a judge is immune from a suit for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991). Judicial immunity is overcome in only two circumstances: (1) when a judge performs nonjudicial actions, that is, actions not taken in the judge's judicial capacity; and (2) when a judge's actions are taken in the complete absence of all jurisdiction. Id. at 11-12. The complaint in this case pleads no facts which would suggest that either of these exceptions is applicable. Rather, the alleged acts by the named judges involved judicial acts performed during the criminal prosecution of the plaintiff at the trial and appellate stages of the case.

Plaintiff argues that judicial immunity does not bar claims for declaratory and injunctive relief. He has requested a declaration that the dismissal without prejudice of the 2014 indictment violated the IAD, and injunctive relief directing Judge Krueger to dismiss that indictment with prejudice. In regard to the claim for declaratory relief, the Sixth Circuit has held that where a judge was not an adversary of the plaintiff in the state court proceedings or an enforcer or administrator of a statute, but rather acted as a disinterested judicial adjudicator who was bound to decide the issues before him, the judge is not amenable to a suit for declaratory relief under §1983 because no case or

6

controversy exists between the plaintiff and the judge. See Cooper v. Rapp, 702 F. App'x 328, 333-34 (6th Cir. 2017). The judicial defendants in this case acted as adjudicators in plaintiff's case, and no claim for declaratory relief has been stated against them.

Plaintiff's claim for injunctive relief against the judicial defendants also fails. Section 1983 provides that

> in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

§1983. No declaratory decree is alleged to have been violated in this case. Plaintiff has also failed to demonstrate that declaratory relief was "unavailable." The fact that plaintiff's claim for declaratory relief cannot be pursued against the judicial defendants does not mean that it could not have been pursued against some other party. See Cooper, 702 F. App'x at 334 (holding judge was immune from plaintiffs' claims for injunctive relief even though they were not entitled to declaratory relief against the judge).

Insofar as plaintiff has sued the judicial defendants in their official capacities for damages, his claims are also barred by the doctrine of Eleventh Amendment immunity. An official capacity suit is treated as a suit against the governmental entity. Graham, 473 U.S. at 166. The Eleventh Amendment bars §1983 actions against a state and its officials sued in their official capacities for money damages. Id. at 169. Ohio common pleas and appellate courts are arms of the State of Ohio for purposes of the Eleventh Amendment analysis. See Mumford v. Basinski, 105 F.3d 264, 269 (6th Cir. 1997). The Eleventh Amendment does not preclude a claim against a

state official acting in his or her official capacity if plaintiff seeks only prospective injunctive or declaratory relief. <u>Papasan</u>, 478 U.S. at 276-78. However, as discussed above, the complaint fails to state a claim against the judicial defendants for declaratory and injunctive relief.

Plaintiff's claims against the judicial defendants do not state a claim for relief.

<u>IV. Prosecutorial Immunity</u>

Plaintiff has also asserted claims against defendants O'Brien and DeWine. The magistrate judge correctly concluded that defendant O'Brien is entitled to absolute prosecutorial immunity on plaintiff's claims for money damages. A state prosecutor acting within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under §1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976); <u>see</u> <u>also</u> <u>Burns v. Reed</u>, 500 U.S. 478, 486 (1991)(prosecutors are absolutely immune from liability under §1983 for their conduct insofar as that conduct is intimately associated with the judicial phase of the criminal process). Courts will bar §1983 suits arising out of even illegal or improper conduct by the prosecutor so long as the general nature of the action in question is part of the normal duties of a prosecutor. <u>Imbler</u>, 424 U.S. at 413. Plaintiff's allegations against defendant O'Brien concern her role as an advocate in the prosecution of the Delaware County criminal proceedings against plaintiff. These acts of initiating and pursuing a criminal prosecution were within the scope of her duties as an advocate, and they are shielded by absolute immunity from plaintiff's claims for money damages. <u>Id.</u> at 410.

8

Plaintiff's claims against defendant O'Brien in her official capacity for money damages are also barred by the doctrine of Eleventh Amendment immunity. Because defendant O'Brien acted as a state agent when prosecuting state criminal charges against plaintiff, his claims against her in her official capacity are treated as a suit against the State of Ohio for purposes of Eleventh Amendment immunity. See Pusey v. City of Youngstown, 11 F.3d 652, 657-58 (6th Cir. 1993).

Plaintiff correctly notes that the magistrate judge did not specifically discuss his claims against Attorney General DeWine. However, the same absolute prosecutorial immunity analysis applies to plaintiff's claim against him. The only alleged involvement of defendant DeWine in this case is that an assistant attorney general in his office filed a motion to dismiss the habeas petition filed by plaintiff in Case No. 2:16-cv-435. This act was that of an advocate in judicial proceedings, and plaintiff's claim against defendant DeWine is barred by absolute immunity. Likewise, any claim for money damages asserted by plaintiff against defendant DeWine in his official capacity as an officer of the State of Ohio is barred by the Eleventh Amendment. The complaint fails to state a claim for money damages against defendant DeWine. Plaintiff's claim for declaratory relief is also not addressed to defendant DeWine, as that claim addresses relief sought in regard to the Delaware County criminal prosecution, not the federal habeas action in which defendant DeWine appeared as counsel for the State of Ohio.

Insofar as the complaint is read as asserting claims for declaratory relief against defendant O'Brien concerning the alleged

9

violations of the IAD, plaintiff's conviction on the 2000 indictment, and the alleged illegality of the dismissal of the 2014 indictment without prejudice, the magistrate judge identified other obstacles to plaintiff's pursuit of these IAD claims which are discussed below.

V. Statute of Limitations

The magistrate judge concluded that plaintiff's claims are barred by the two-year statute of limitations applicable to §1983 actions. See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). A complaint showing on its face that relief is barred by an affirmative defense is properly subject to dismissal for failure to state a claim upon which relief can be granted. Rauch v. Day and Night Manuf. Corp., 576 F.2d 697, 702 (6th Cir. 1978)(holding that a limitations defense may be raised by a Rule 12 motion); see also New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)(dismissal on limitations ground).

The conduct of the individual defendants relative to plaintiff's state court prosecution and conviction and the dismissal of the 2014 indictment occurred in 2013 and 2014. The Ohio Supreme Court declined to exercise jurisdiction over plaintiff's final appeal on February 10, 2016. The instant action was filed on March 1, 2018. The fact that plaintiff filed a habeas action in this court in 2016 seeking to have the 2014 indictment dismissed with prejudice did not serve to toll the running of the statute of limitations against the State of Ohio and the individual defendants for purposes of the instant §1983 action. The court agrees that plaintiff's claims are barred by the statute of

limitations.

VI. Habeas Corpus Relief

To the extent that plaintiff seeks an order declaring that his state court conviction was obtained in violation of his federal constitutional rights, the magistrate judge found that his sole remedy is habeas corpus. See Skinner v. Switzer, 562 U.S. 521, 525 (2011); Heck v. Humphrey, 512 U.S. 477, 487 (1994). A convicted criminal defendant cannot bring a §1983 claim if a judgment on the claim would necessarily imply the invalidity of his criminal conviction and that conviction has not been set aside. Heck, 512 U.S. at 487.

Plaintiff's previous habeas petition contained only claims challenging the dismissal without prejudice of the 2014 indictment. This petition was dismissed because plaintiff was not in custody based on that indictment. Of interest is the fact that plaintiff objected to the dismissal of the habeas petition on this ground, arguing that if his challenge to the 2014 indictment was successful, this would also result in the dismissal of the charges against him on the 2000 indictment to which he pleaded guilty. See Case No. 2:16-cv-435, Doc. 16, pp. 2-3. In the instant case, the magistrate judge concluded that plaintiff was seeking relief from the 2014 indictment only as a means to fatally undermine the constitutionality of his guilty plea to the 2000 indictment. See Doc. 5, p. 10. The magistrate judge also noted that plaintiff is seeking a declaratory judgment that the various continuances granted by the Ohio trial judge violated the speedy trial provisions of his IAD detainer agreement. The magistrate judge observed that this relief would necessarily implicate the validity

11

of his plea to the 2000 indictment and his criminal conviction.

In his objection, plaintiff states that he did not intend for this court to provide relief of any sort for the 2000 case, which he says he is still litigating in state courts. Doc. 6, p. 3. He also asks this court not to make any findings concerning the 2000 case. Doc. 6, p. 6. However, in his complaint, plaintiff alleges that the 2000 case violated the IAD's 180-day speedy trial time. Doc. 1-2, p. 9. Plaintiff further alleges that if the 2014 case had been dismissed with prejudice, that would have made his conviction and sentence in the 2000 case impossible on double jeopardy grounds, and he would not have entered his guilty plea. Doc. 1-2, pp. 10-11. Plaintiff also requests a declaration that the trial judge violated the IAD by dismissing the 2014 case without prejudice. Doc. 1-2, p. 20. Thus, it appears that plaintiff's IAD claims with respect to the 2014 indictment may also impact the validity of his 2000 conviction. The court agrees with the magistrate judge that to the extent that plaintiff's claims would also implicate the validity of his 2000 conviction, his appropriate remedy would be to file a habeas petition.

VII. Waiver of IAD Claim

The magistrate judge also found that plaintiff's claim that the dismissal without prejudice of the 2014 indictment violated the IAD was waived by plaintiff's entry of an unconditional guilty plea. The same can be said in regard to any claim that plaintiff's conviction under the 2000 indictment is invalid due to alleged IAD speedy trial violations. The Sixth Circuit has held that violations of the IAD speedy trial provisions are waived by the entry of a guilty plea. See Kowalak v. United States, 645 F.2d

12

534, 537 (6th Cir. 1981). Further, as the magistrate judge noted, plaintiff has not alleged any prejudice resulting from the dismissal without prejudice of the 2014 indictment. The complaint does not allege that the State of Ohio has taken any steps to revive this indictment or to re-indict plaintiff on those charges. Because plaintiff's alleged IAD violations were waived by his entry of an unconditional guilty plea, they do not state a claim under §1983.

VIII. Rooker-Feldman Doctrine

Although the magistrate judge did not address this issue, the court further finds, on de novo review, that insofar as plaintiff is seeking to challenge the judgment of conviction on the 2000 indictment and the judgment dismissing the 2014 indictment, his claims are barred under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts do not stand as appellate courts for decisions of state courts. Id. Rather, the Supreme Court is vested with exclusive jurisdiction over appeals from final state-court judgments. Lance v. Dennis, 546 U.S. 459 (2006). Although the Rooker-Feldman doctrine does not apply to independent claims of injury against a third party involving a previously litigated matter, it does prevent a federal court from exercising jurisdiction over a claim alleging error in a state court decision, including attacks on a state court's alleged procedural errors. Hall v. Callahan, 727 F.3d 450, 453-54 (6th Cir. 2013).

Plaintiff previously litigated his IAD speedy trial claims in his direct appeal from his conviction. See 2:16-cr-435, Doc. 10-1,

13

Ex. 12 (plaintiff's pro se brief). The state court of appeals rejected plaintiff's speedy trial arguments and held that because plaintiff entered a guilty plea to the charges, the speedy trial issues raised in his brief were waived. See Hertel, 2015 WL 1403147, *2-3. The Ohio Supreme Court declined to accept jurisdiction of the appeal. Hertel, 143 Ohio St.3d at 1466. Plaintiff could have filed a petition to appeal this judgment to the Supreme Court, but did not do so. Plaintiff also filed a motion on August 18, 2014, asking the trial court to vacate the order dismissing the 2014 indictment and to dismiss that indictment with prejudice. Plaintiff litigated this matter in the state courts, but filed no petition to appeal the matter to the Supreme Court after he was denied relief by the Ohio courts. To the extent that plaintiff seeks to vacate the judgment of conviction on the 2000 indictment and the order dismissing the 2014 indictment, this court has no jurisdiction to entertain such claims in this §1983 action.

## IX. Conclusion

In accordance with the foregoing, plaintiff's objection (Doc. 6) is denied. The court adopts the report and recommendation (Doc. 5). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

Date: August 16, 2018          s/James L. Graham
                               James L. Graham
                               United States District Judge