# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FRANK K.C. HERTEL, SR.,**

    **Plaintiff,**

                                                                Civil Action 2:18-cv-179

    v.                                                 Judge James L. Graham

                                                             Magistrate Judge Elizabeth P. Deavers

**JUDGE EVERETT H. KRUEGER,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion to Amend Opinion and Order. (ECF No. 9.) For the reasons explained below, the Undersigned recommends that Plaintiff's Motion be **DENIED**.

### I.

Plaintiff brings his Motion pursuant to Federal Rule of Civil Procedure 52(b). The primary purpose of a Rule 52(b) motion is to ensure an accurate statement of the Court's finding of facts, typically for appeal purposes. "In doing so the movant raises questions of substance by seeking reconsideration of material findings of fact or conclusions of law." *Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990) (citing *Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 205 (1943); *United States v. Crescent Amusement Co.*, 323 U.S. 173 (1944)). Insofar as Plaintiff does not challenge findings of fact related to the bases for dismissing his claims and the Court's conclusions of law are adequately addressed by the District Judge's August 16, 2018,

Opinion and Order, the Court restricts its review to that encompassed under Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment and Rule 60(b) Relief from a Judgment or Order.

## II.

When a party files a motion to alter or amend a Court order, but does not specify whether he does so pursuant to Rule 59 or Rule 60, this Court ordinarily looks to the timing of the motion to determine under what rule it should conduct review. *Shingleton v. Timmerman-Cooper*, No. 3:03-cv-450, 2008 WL 4445303, at *1 (S.D. Ohio Sept. 29, 2008) (stating that the magistrate judge should have reviewed the petitioner's motion for reconsideration under Rule 59(e), rather than Rule 60(b), given that the petitioner filed his motion within the time period established under Rule 59(e).) If a party brings an unspecified motion for reconsideration within twenty-eight days of the relevant judgment, courts therefore will typically review the motion under Rule 59(e). If a party instead brings its unspecified motion more than twenty-eight days after the relevant judgment, courts will typically review the motion under Rule 60(b). *Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Indus. Int'l,* No. 2:14-CV-593, 2015 WL 12743604, at *1 (S.D. Ohio Oct. 19, 2015), *aff'd*, No. 16-3624, 2018 WL 2338437 (6th Cir. May 7, 2018).

Plaintiff brought his Motion within twenty-eight days of the Court's August 16, 2018, Opinion and Order dismissing his claims pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. Ordinarily, the Court would review Plaintiff's Motion solely under Rule 59(e). Recognizing, however, the Court's obligation to liberally construe Plaintiff's *pro se* filings, the Court also reviews the Motion under Rule 60(b). *CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-cv-00680, 2015 WL 1000444, at *2 (S.D. Ohio Mar. 5, 2015) (considering an unspecified motion for reconsideration under both Rule 59(e) and

Rule 60(b)); *United States v. Clements*, No. 93-1887, 32 F.3d 569, 1994 WL 390521, at *1 (6th Cir. July 27, 1994) (finding no abuse of discretion where the defendants' motion to reconsider did not specify whether it was submitted pursuant to Rule 59(e) or Rule 60(b) and thus the trial court considered, and denied, the motion under both rules). Under either rule, Plaintiff's Motion is not well taken.

## III.

A party may move to alter or amend judgment under Rule 59(e) if there is "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc.*, 2015 WL 1000444, at *2 (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998))).

Under Rule 60(b), a district court may grant a motion for relief from judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

3

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Like Rule 59(e), Rule 60(b) does not permit parties to relitigate the merits of a claim. *Sultaana v. Bova*, No. 1:12-cv-3117, 2013 WL 5507298, at *2 (N.D. Ohio Oct. 2, 2013). "[T]he purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore deals with some irregularity or procedural defect in the procurement of the judgment denying relief." *Id.*

The decision to grant relief under Rule 59(e) or Rule 60(b) is left to the district court's sound discretion. *Intera Corp.*, 428 F.3d at 619-20 (relating to Rule 59(e)); *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 271 (S.D. Ohio 1999) (relating to Rule 60(b)). Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016).

The Court *sua sponte* dismissed Plaintiff's claims on several grounds, including Eleventh Amendment immunity, Defendants' judicial and prosecutorial immunity, the statute of limitations for actions under §1983, procedurally improper request for relief only available through a *habeas corpus* petition, waiver of rights under the Interstate Agreement on Detainers,

4

and the *Rooker-Feldman* doctrine prohibiting the federal courts from relitigating state court convictions. *Hertel v. Krueger*, No. 2:18-CV-179, 2018 WL 3912807 (S.D. Ohio Aug. 16, 2018). Plaintiff's proposed amendments of the Court's findings do not address the bases for these conclusions of law. Even were the Court to adopt all of Plaintiff's proposed "amendments," or findings of fact, Plaintiff would still fail to state a cognizable claim in this matter under § 1983 for the reasons already set forth in the Undersigned's original Report and Recommendation and Court's Opinion and Order adopting it. Moreover, Plaintiff fails to present any clear error of law, new evidence, or other extraordinary circumstances that would warrant reconsideration of the Court's prior Opinion and Order.

For the reasons stated above, the Undersigned finds no grounds to reconsider the Court's earlier decision that it lacks subject matter jurisdiction to hear Plaintiff's claims. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Amend Opinion and Order be **DENIED**. (ECF NO. 9.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l*

*Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date: August 29, 2018 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE