IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank K.C. Hertel, Sr.,

    Plaintiff,

  v.                          Case No. 2:18-cv-179

Judge Everett H. Krueger,
et al.,

    Defendants.

## OPINION AND ORDER

This is an action filed by plaintiff pursuant to 42 U.S.C. §1983 against Delaware County, Ohio, and various state officials and judges who where involved in plaintiff's state criminal prosecution and subsequent related proceedings. In a July 5, 2018, report and recommendation on an initial screen under 28 U.S.C. §1915(e), the magistrate judge recommended that plaintiff's claims be dismissed on several grounds, including Eleventh Amendment immunity, judicial and prosecutorial immunity, the statute of limitations bar, the unavailability under §1983 of the relief sought, and waiver. By order dated August 16, 2018, this court adopted the report and recommendation and dismissed this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

On August 28, 2018, plaintiff filed a "MOTION TO AMEND OPINION AND ORDER" which cited Fed. R. Civ. P. 52(b). On August 29, 2018, the magistrate judge issued a report and recommendation concerning that motion. The magistrate judge concluded that plaintiff failed to state grounds for relief under Rule 52(b). The magistrate judge also analyzed plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for relief from

judgment under Rule 60(b), and concluded that no basis for relief had been shown under those rules. The magistrate judge found no reason to reconsider this court's earlier decision and recommended that the motion be denied. Objections to the report and recommendation were due by September 12, 2018.

On September 20, 2018, this court issued an order adopting the report and recommendation, noting that no objections had been filed. On September 21, 2018, objections from plaintiff were received by the clerk's office. The envelope was post-marked September 14, 2018, but plaintiff indicated in his certificate of service that he mailed his objections on September 12, 2018. Although there is no evidence as to when the objections were tendered to the prison mail room, the court will give plaintiff the benefit of the doubt in that regard, and will address plaintiff's objections. The order of September 20, 2018, (Doc. 11) is vacated.

I. Standard of Review

If a party objects to a report and recommendation within the allotted time, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

II. Plaintiff's Objections

Plaintiff claims that this court made erroneous factual findings relevant to his claims under the Interstate Agreement on Detainers ("IAD"). He is asking the court to include factual

2

findings in the order which further his claims.  However, as noted by the magistrate judge, plaintiff's motion to amend did not challenge the facts upon which the grounds for dismissal of his claims against the defendants in this case rest.  Plaintiff now argues that the finding that he waived his IAD claims by pleading guilty to the 2000 indictment is erroneous, and that there was no waiver.  The court is not persuaded that the previous legal ruling regarding waiver was incorrect.  There is no evidence that plaintiff's conviction based on the 2000 indictment has been set aside.  These objections are not well taken.

In the order of August 16, 2018, this court agreed with the conclusion of the magistrate judge that, insofar as plaintiff's complaint could be construed as challenging his conviction on the 2000 indictment, a habeas petition under 28 U.S.C. §2254 was the appropriate remedy.  Plaintiff argues that this conclusion was erroneous.  He argues that, under the IAD, a final disposition must be made, and that the dismissal of the 2014 indictment without prejudice was not a final disposition.  However, he goes on to repeat his argument that because of his conviction under the 2000 indictment, the dismissal of the 2014 indictment without prejudice constitutes double jeopardy.  He also contends that if the 2014 indictment is dismissed with prejudice, that would also require dismissal of the lesser included offenses in the 2000 indictment. These arguments indicate that the court was correct construing plaintiff's complaint as potentially including an attack on his conviction under the 2000 indictment.  It was not error to note, as an alternative ground for dismissal, that such an attack should be made in a §2254 petition.

3

In dismissing plaintiff's claims against the defendant judges, the court concluded that no claim for declaratory or injunctive relief under §1983 had been stated against them. The court noted that the judges played an adjudicatory rather than an adversarial role in ruling on plaintiff's arguments concerning the IAD and the dismissal of the 2014 indictment, and that no declaratory decree, as required for injunctive relief under §1983, was alleged to have been violated in this case. Plaintiff now contends that the IAD and Ohio Rev. Code §2963.30 are declaratory judgments or decrees, as their enforcement depends on judicial action. This court disagrees, and finds no error in the previous dismissal of the claims against the defendant judges.

This court held in the order of August 16, 2018, that plaintiff's claims are barred by the two-year statute of limitations applicable to §1983 actions. Plaintiff now argues that the statute of limitations has not accrued. As this court noted in its order, the conduct of the individual defendants relative to plaintiff's state court prosecution and conviction and the dismissal of the 2014 indictment occurred in 2013 and 2014. Plaintiff was aware of the acts of the defendants alleged in his complaint long before the two-year limitations period began to run. The dismissal of the complaint on statute of limitations grounds was not error.

Plaintiff also disagrees with the court's conclusion that insofar as plaintiff was seeking to challenge the judgment of conviction on the 2000 indictment and the judgment dismissing the 2014 indictment, his claims are barred under the Rooker-Feldman doctrine. He argues that because he was never convicted in the

2014 case, his claims concerning the 2014 indictment are cognizable under §1983. This objection is without merit. Plaintiff previously asserted his IAD arguments in his direct appeal. Plaintiff also filed a motion to dismiss with prejudice the 2014 indictment against him, which was denied by the Delaware County court. Plaintiff pursued various appeals from that ruling, which were denied. In the instant action, plaintiff alleges that the defendants were involved in the dismissal of the 2014 indictment and his subsequent actions challenging the dismissal without prejudice of the 2014 indictment, and he seeks an order finding that the IAD was violated by the dismissal without prejudice of the 2014 indictment. He clearly seeks to relitigate in this action these previous rulings made by the state court concerning the 2014 indictment and his IAD claims. This court correctly concluded that to the extent that plaintiff is seeking in this action to challenge the order dismissing the 2014 indictment, this court has no jurisdiction to entertain such claims.

Finally, plaintiff asserts that he only intended to file a motion pursuant to Rule 52(b), not Rules 59 (e) or 60(b). However, he also asks this court to afford him relief in the alternative under Rules 59(e) and 60(b). The magistrate judge did not err in addressing these alternative theories of relief.

The court finds that plaintiff's objections are not well taken, and they are denied. The court agrees with the report and recommendation (Doc. 10), and it is hereby adopted. Plaintiff's motion (Doc. 9) is denied. Plaintiff's motion (Doc. 1) for leave to proceed *in forma pauperis* is denied as moot.

It is so ordered.

Date: October 2, 2018                    s/James L. Graham
                                         James L. Graham
                                         United States District Judge